## ESTATE OF MARGARET M. MYERS.

No. 8762—Oct. to Dec., 1878.

PLEADINGS.—An opposition to the probate of a will on the ground of menace, undue influence, etc., should state the facts constituting such improper conduct.

WILL.—A mere reference to extraneous papers in an instrument offered for probate does not necessarily make such papers a part of the will for the purposes of a probate record.

Construing section, C. C. P., 1312.

*Taylor & Haight,* for proponents.

*Chas. Halsey,* contra.

The will of deceased was filed for probate Oct. 24, 1878, and contained the following clause:

"As the legacies which my husband, John Myers, and myself desire to leave are provided for by his will, I give, devise, and bequeath," etc.

Oct. 28, 1878, R. J. Farren, as an heir, filed objections to the will on the grounds:

1—That the proposed paper is not the will of deceased;

2—That said paper is not properly attested by two or more witnesses;

3—That at the execution of said paper said decedent was acting under restraint, undue influence, menace;

4—That it is stated in said paper that another instrument was already executed, and such other instrument was thereby made and became a part of said pretended will, and should also be produced and filed in Court before said proposed will can or should be probated.

To which, the proponents demurred on the grounds:

1—The opposition does not state facts sufficient to constitute grounds why said document should not be admitted to probate;

2—The third ground of opposition is ambiguous, unintelligible, and uncertain, in this, that it does not appear what person, if any, restrained, unduly influenced, or menaced deceased in the execution of the will.

The demurrer was overruled as to the first point and sustained as to the second point.

Nov. 11, 1878, said R. J. Farren filed an amended opposition, on the grounds:

1st, 2d and 3d, the same as in the former opposition;

4—That in said proposed will it is stated that certain legacies which the decedent desired made had been and were provided for in an instrument then already executed, to wit, the will of John Myers, husband of deceased; that said will of John Myers was executed at or before the execution of the proposed will, and that the legacies mentioned in the proposed will, which were provided for in the will of John Myers, became and now constitute parts of the will of deceased;

5—That a bequest to him (Farren) was, with the knowledge and by the desire of decedent, made and provided for in said will of John Myers, and said will of John Myers ought to be produced and filed in this Court before said proposed will can or should be probated.

The proponent demurred to the amended opposition on the same grounds as to the original opposition.

The demurrer was overruled as to the first point and sustained as to the other points.

Dec. 14, 1878, said Farren filed amended opposition, on the grounds:

1—Said instrument is not the last will of deceased;

2—Said deceased was acting under undue influence exercised over her by her husband, John Myers, by J. J. Sullivan [proponent] and his wife;

3—That certain legacies which decedent desired and intended to make and provide for, or to be made and provided for, had been and were made and provided for in a will executed by her husband John Myers, by his and her joint consent and agreement;

4—That a bequest to said Farren was, by the desire of deceased, and in pursuance of the agreement aforesaid, made and provided for in the will of said John Myers; that the will of said John Myers ought to be produced and filed, and the whole or so much thereof as related to or provided for the legacies desired by the deceased made or to be made ought to be established and declared to be part of decedent's will.

Proponent demurred to the opposition, on the grounds:

1—That the opposition does not state any fact or reason why the proposed will should not be probated;

2—That the second ground of opposition is ambiguous, unintelligible, and uncertain, in that it does not appear in what manner or through what means deceased was unduly influenced;

3—That the third ground of opposition does not state any fact or reason why said proposed will should not be probated;

4—That the fourth ground of opposition does not state any fact or reason why the proposed will should not be admitted to probate.

The demurrer was overruled as to the first point, and sustained as to the others.

The reasons for overruling the demurrers were as follows:

1—It is not sufficient to state that a proposed will was the result of menace, undue influence, and restraint. The opposition must state the *facts* which constitute the menace, influence, or restraint, in order that the Court may determine whether those facts constitute in law the result aimed at. And the fact as to each ground of opposition must be separately and distinctly stated. The facts which constitute undue influence would not necessarily embrace menace or restraint; and, *vice versa*. Unsoundness of mind, is a fact; but the other grounds of opposition named in the statute are the *result* of facts.

2—The alleged will of John Myers forms no part of the will of deceased. The deceased in her will expressly leaves the parties to the bounty of her husband. Whether or not John Myers could subsequently change his will, is not a question to be now determined.

The contestant subsequently moved the Court that the proponent be required to produce and file the alleged will of said John Myers.

The motion was denied. It not being a part of the will of deceased, the Court cannot cause it to be filed. If it be material to use it as evidence for contestant on the trial, he has the process of the Court to compel its production.